UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES C. HUDSON** | **CIVIL ACTION NO. 10-1614-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff James C. Hudson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 8, 2010. Plaintiff is currently incarcerated at the Rayburn Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names James LeBlanc, Jerry Goodwin, Lonnie Nail, and Chris Evans as defendants.

Plaintiff claims that upon his arrival at David Wade Correctional Center on January 25, 2009, he notified Defendants of the dangerous conditions created by water leaking from the shower area. Plaintiff claims that on May 7, 2010, he slipped and fell in a puddle of water as he stepped out of the shower. He claims the puddle of water was created by the leaking showers and poor drainage system. He claims that on the day of his fall, the wet floor sign was not on the tier and the safety mat was not on the floor but rolled up in the

shower.

Plaintiff claims he hurt his back, left shoulder, left leg, and head. He claims that after he fell, he was dazed and remained on the floor. He claims Major Chris Evan and two other officers came to the tier to check on him. He claims Major Evans advised him to lie still when he told him that he could not get up.

Plaintiff claims that a few minutes later, Major Evans returned with a nurse and a camera. He claims that as the nurse checked him, Major Evans took pictures of the water on the floor, the wet jumpsuits that were placed in front of the showers, and the shower area.

Plaintiff claims the nurse then ordered Major Evans and the other officers to help him to his cell. Plaintiff claims Major Evans then took pictures of his injured shoulder and the bruise on his face.

Plaintiff claims the nurse gave him two pills for pain and told him that he would be placed on the call out list to see the doctor and have x-rays taken the following day. Plaintiff claims that for three days, he suffered from his injuries and was not taken to see the doctor or for x-rays. Plaintiff claims that on May 10, 2010, he was forced to make a routine sick call. He claims he saw the doctor who noticed the swelling in his lower left back. He claims the doctor ordered a test which showed that he did not have blood in his urine. He said that doctor also placed him on medication for pain and suffering. Plaintiff claims he still has back problems because of the fall and should have seen a specialist.

Plaintiff claims prison officials were aware of the water leaking from the shower area and did not fix it. He claims that every night, the officers placed several jumpsuits outside

the shower area and in front of cell 16 in an attempt to soak up the water that was leaking from the shower.  He further claims that after showers are finished, an officer and a trustee remove the jumpsuits and clean the wet floors.  Plaintiff claims he was hurt because of the negligence of Defendants.

Plaintiff claims that he filed a grievance regarding the incident.  He claims Major Evans lied in his response to the grievance regarding the jumpsuits and the water on the floor.

Accordingly, Plaintiff seeks an investigation, monetary compensation, punitive damages, and for Defendants to be stripped of their ranks.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.

The court finds that water on the floor does not create a substantial risk of serious harm. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995). Thus, Plaintiff's claim has failed to satisfy the first component of an Eighth Amendment claim.

Furthermore, Plaintiff admits Defendants were negligent and mere negligence does not constitute deliberate indifference. Thus, Plaintiff's claim has failed to satisfy the second

component of an Eighth Amendment claims.

**Medical Treatment**

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that

Defendants were attentive to the medical needs of Plaintiff on the day that he fell. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that the nurse examined him the day of his fall, gave him two pills for pain, and told him that he would be placed on the call out list to see the doctor and have x-rays taken the following day. Plaintiff claims that for three days, he suffered from his injuries and was not taken to see the doctor or for x-rays. Plaintiff claims that on May 10, 2010, he was forced to make a routine sick call. However, he disagrees with the medical treatment he received. He claims he should have seen a specialist. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Furthermore, as previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. Furthermore, Plaintiff does not allege how the three-day delay in receiving treatment from a doctor for his injuries was based on deliberate indifference and resulted in any substantial harm.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not

rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claims regarding his medical treatment should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of September, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE